THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP A. POWELL and ROSEMARY POWELL, <br><br> *Plaintiffs*, <br> v. <br><br> CHICAGO HOUSING AUTHORITY, <br><br> *Defendant*. | No. 25 C 10997 <br><br> Chief Judge Virginia M. Kendall |

**OPINION AND ORDER**

Phillip A. Powell and Rosemary Powell (the "Powells") bring this action against the Chicago Housing Authority ("CHA") alleging a due process violation under 42 U.S.C. § 1983 based on the termination of their housing assistance. CHA moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 11). For the following reasons, the Court grants CHA's Motion to Dismiss [11].

**BACKGROUND**

The following facts are set forth in the Complaint, except where noted, which the Court accepts as true for purposes of a motion to dismiss. *See Lax v. Mayorkas*, 20 F. 4th 1178, 1181 (7th Cir. 2021). The Court may consider exhibits attached to the Complaint when resolving a motion to dismiss. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see Carmody v. Bd. of Trs. of Univ. of Ill.*, 747 F.3d 470, 477 (7th Cir. 2014).

1

I. **Factual Background**

In 2021, the Powells were living in an apartment on the north side of Chicago under a Housing Assistance Payment ("HAP") Contract. (Ex. 7, Dkt. 1 at 20). They received $1,624 per month in housing assistance as participants in CHA's Housing Choice Voucher ("HCV") Program. (*Id.*; Ex. 1, Dkt. 1 at 8). Under the HCV's Family Obligations, each family member must maintain the assisted unit in accordance with Housing Quality standards, including maintaining appliances, paying utility bills, and ensuring continuous utility service for any appliances and utilities that the owner is not required to provide. (*Id.*). On March 3, 2022, CHA conducted an annual inspection of the Powells' home and gave a "fail rating." (*Id.*). CHA identified the "fail item" as a missing or inoperable smoke or carbon monoxide detector within 15 feet of the "sleeping room." (*Id.*; Dkt. 1 ¶ 15). CHA reinspected the property on March 31, 2022 and reported the same violation. (*Id.*).

On April 6, 2022, CHA issued an "Intent to Terminate" letter to the Powells notifying them of the CHA's proposed termination of their HCV benefits. (Ex. 1, Dkt. 1 at 8). The letter informed the Powells of the results of the two inspections and concluded that the Powells violated the HCV's Family Obligations based on the infractions. (*Id.*). The termination letter also notified the Powells of their right to a hearing and directed them to request an informal hearing within thirty days. (*Id.* at 9). The letter went on to warn the Powells that failure to request an informal hearing would result in CHA's proposed termination decision becoming final. (*Id.*) On the same day, CHA sent the Powells's landlord, Zachariah George, a notice informing him of CHA's intent to terminate the Powells's housing assistance. (Ex. 5, Dkt. 1 at 14). The notice informed George that all payments made by CHA on behalf of the Powells would cease on the termination effective date. (*Id.*).

The Powells claim that, at the time of the March 31, 2022 reinspection, their apartment was equipped with a functioning combination smoke and carbon monoxide detector within 15 feet of the first bedroom. (Dkt. 1 ¶ 15). Upon receiving the Intent to Terminate letter, the Powells promptly requested an informal hearing on May 3, 2022—within the thirty-day period. (Dkt. 1 ¶15; Ex. 2, Dkt. 1 at 10). The Powells listed "discrimination" as the reason for their request. (Ex. 2, Dkt. 1 at 10). The Powells claimed that they witnessed the CHA inspector acknowledge their functioning detector during the reinspection and requested all documents regarding the allegations against them. (*Id.* at 11). CHA approved the hearing request more than six months later, on November 16, 2022. (Ex. 3, Dkt. 1 at 12). The approval notice stated the Powells requested a hearing on August 2, 2022, not May 3, 2022. (*Id.*). Regardless, CHA never scheduled a hearing on the Powells' voucher termination. (Dkt. 1 ¶ 15).

On July 22, 2022, months before CHA acknowledged a hearing request had been made, CHA sent George and the Powells a notice of final termination of the Powells' HAP Contract. (Ex. 4, Dkt. 1 at 13). The notice stated that termination would be effective on August 31, 2022. (*Id.*). The basis for termination was listed as "No hearing request received." (*Id.*). Contrary to the date listed on this letter, the Powells claim that CHA denied them a pretermination informal hearing on March 22, 2023. (Dkt. 1 ¶ 16). On that date, George initiated an eviction proceeding against the Powells in the Circuit Court of Cook County. (Ex. 6, Dkt. 1 at 15).

On April 19, 2023, the Powells received an eviction summons from the sheriff. (*Id.* ¶ 17). Plaintiffs claim that they were not aware of the CHA's notice of adverse action until this date. (*Id.*). On July 27, 2023, the Circuit Court of Cook County issued an eviction order. (Ex. 6, Dkt. 1 at 15). George took possession of the Powells' apartment pursuant to that order on September 22,

3

2023. (*Id.*; Dkt. 1 ¶ 17). On October 4, 2023, CHA denied Plaintiffs' request for a Request for Tenancy Approval Packet. (Dkt. 1 ¶ 18). CHA informed Plaintiffs that their HCV benefits had been terminated on August 31, 2022 because no hearing was requested. (*Id.*).

## II. Procedural History

The Powells filed their initial suit against CHA on November 22, 2024, alleging CHA violated their rights to procedural due process as guaranteed by the Fourteenth Amendment. *Powell v. Chicago Hous. Auth.*, Case No. 24-CV-12068, Compl., Dkt. No. 1 (*Powell I*)[1]. On June 30, 2025, the Court granted CHA's motion to dismiss without prejudice, allowing Plaintiffs a chance to allege a plausible *Monell*[2] claim against CHA with additional facts, or proceed against individual defendants instead. *Powell I*, 2025 WL 1795104, at * 7 (N.D. Ill. June 30, 2025). The Powells were directed to file an amended complaint by July 21, 2025 if they wished to proceed. *Powell I*, Case No. 24-CV-12068, Dkt. No. 24. On August 28, 2025, the Court dismissed the case after the Powells failed to file an amended complaint by the deadline. *Powell I*, Case No. 24-CV-12068, Dkt. No. 25.

The Powells filed the present suit on September 11, 2025. (Dkt. 1). They are again alleging that CHA violated their rights to procedural due process as guaranteed by the Fourteenth Amendment. (*Id.*). The Powells are seeking $37,352 in damages and reinstatement of their HCV benefits. (*Id.* ¶ 21). CHA now moves to dismiss under Rule 12(b)(6). (Dkt. 11).

---

[1] The Court takes judicial notice of the records in *Powell et al. v. Chicago Housing Authority*, Case No. 24-CV-12068. *See Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) (courts may take judicial notice of public court records).
[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)

4

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, "the complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). Additionally, the Court holds a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Legal conclusions or bare conclusory allegations, however, are insufficient to state a claim." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678, 680).

**DISCUSSION**

CHA is a public housing authority ("PHA") operating pursuant to Section 8 of the U.S. Housing Act. 42 U.S.C. § 1437f. CHA's HCV Program provides rental assistance to families in accordance with Section 8 and the federal regulations promulgated thereunder by the U.S. Department of Housing and Urban Development ("HUD"). 24 C.F.R. Part 982. As a recipient of federal funding, CHA must comply with all applicable HUD regulations. 24 C.F.R. § 982.52(a). One such regulation requires PHAs to provide the opportunity for a hearing when there is a "determination to terminate assistance for a participant family because of the family's action or failure to act." § 982.555(a)(1)(iv). The opportunity must be given "before the PHA terminates housing assistance payments." § 982.555(a)(2). The family must be notified of their opportunity

5

for a hearing via a written notice, which must also include "the deadline for the family to request the hearing." § 982.555(c)(2).

In their Section 1983 claim, the Powells assert that CHA violated their Fourteenth Amendment procedural due process rights by failing to provide them notices of adverse action or a hearing prior to terminating their HCV benefits. (Dkt. 1 ¶¶ 19-20). CHA argues that the Powells' Complaint must be dismissed under Rule 12(b)(6) as an untimely filed second amended complaint relating back to the initial lawsuit or, in the alternative, as untimely under Section 1983's two-year statute of limitations. (Dkt. 12 at 2-4).

### I. Res Judicata

The Powells' claims must be dismissed as barred under the doctrine of res judicata. "The doctrine of *res judicata*, or claim preclusion, protects the finality of a judgment and prevents parties from undermining it by attempting to relitigate the claim." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (internal quotations and citation omitted). Although claim preclusion is an affirmative defense, *see* Fed. R. Civ. P. 8(c), the Court may raise the issue sua sponte. *Reed v. Mackey*, 669 F. App'x 307, 308 (7th Cir. 2016); *Brooks-Ngwenya v. Indianapolis Pub. Schs.*, 776 F. App'x 373, 375 (7th Cir. 2019). Res judicata is met when there is "(1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) (quoting *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)). Res judicata prevents both "the relitigation of claims already litigated" and those "that could have been litigated but were not." *Id.* (citing *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 310 (7th Cir. 2010)).

All elements of res judicata are met here. First, identity of parties is satisfied because the Powells sued the same defendant, CHA, in the first suit. *Palka*, 662 F.3d at 437 (identity of parties is satisfied when there are identical plaintiffs and defendants in both suits). There is also identity of the cause of action, which exists where "claims arise out of the same set of operative facts or the same transaction." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018). In both suits, the Powells assert claims relating to the termination of their HCV benefits. (Dkt. 1); *Powell I*, 2025 WL 1795104, at *1-2. Both lawsuits describe the events leading up to the termination. (Dkt. 1 ¶¶ 15-18); *Powell I*, 2025 WL 1795104, at *1. In both suits the Powells allege that their Fourteenth Amendment procedural due process rights were violated and bring claims under Section 1983. (Dkt. 1 ¶¶ 19-20); *Powell I*, 2025 WL 1795104, at *1. Because the claims in both cases are based on the same operative facts, they are identical causes of action for the purposes of res judicata. *See, e.g., Washington v. Barnes*, 2024 WL 4416769, at *6 (N.D. Ill. Oct. 5, 2024).

Lastly, the Court's dismissal of *Powell I* operates as final judgment on the merits. "An order of dismissal with prejudice is a final judgment on the merits for purposes of res judicata." *Townsel v. Chicago Police Dep't*, 2023 WL 6388253, at *2 (N.D. Ill. Sept. 30, 2023) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). The order dismissing *Powell I* does not state whether it was with or without prejudice. *Powell I*, Case No. 24-CV-12068, Dkt. No. 25. The case was dismissed after Plaintiffs failed to file an amended complaint by the court-ordered deadline, *Id.*, so the Court construes the dismissal as a dismissal for want of prosecution and failure to follow court orders. *See e.g.*, *Mendenhall v. FedEx Ground Package Sys., Inc.*, 2024 WL 3226580, at *3 (N.D. Ill. June 28, 2024) ("If Plaintiff fails to file an amended complaint, the case will be dismissed for failure to prosecute and failure to follow a court order."). A dismissal for failure to prosecute is presumptively with prejudice. *See Schroeder v. Malone*, 817 F. App'x 226

7

(7th Cir. 2020); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Accordingly, the Court's August 28, 2025 Order in *Powell I* was a final judgment on the merits. With all elements met, Plaintiffs' Complaint is barred by res judicata.

## II. Statute of Limitations

Even if the Powells' Complaint was not precluded, it is time-barred under the applicable statute of limitations.[3] A statute of limitations defense may be considered at the motion to dismiss stage if, as is the case here, the complaint sets forth everything necessary to satisfy it. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

A two-year statute of limitations applies to Section 1983 claims in Illinois. *Hudson v. Nwaobasi*, 821 Fed. Appx. 644, 646 (7th Cir. 2020) (citing *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019)); *see also Farley v. Koepp*, 788 F.3d 681, 684–85 (7th Cir. 2015) ("[T]he [§ 1983] limitations period [is] borrowed from state law because the federal statute lacks its own statute of limitations."). The statute of limitations for a Section 1983 claim begins to run when the plaintiff knew or should have known of the injury at the basis of the action. *Prieto v. City of Chicago*, 2023 WL 8451812, at *3 (N.D. Ill. Dec. 6, 2023) (citing *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994)). There is a two-step process for determining the accrual date for a Section 1983 claim: (1) identify the injury, and then (2) decide the date on which plaintiff could have sued for that injury. *Bibbs v. Dart*, 2020 WL 6565221, at *2 (N.D. Ill. Nov. 9, 2020) (citing *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004)).

---

[3] CHA's contention that the Powells' Complaint in this action is an untimely second amended complaint in the first action is misplaced. The Powells chose to file a new lawsuit instead of asking the Court to set aside its dismissal of *Powell I* and grant leave to file a second amended complaint. Accordingly, the timeliness of this suit is what matters.

The parties dispute the date on which the Powells' claim accrued. CHA offers three alternative arguments as to when the claim accrued: April 19, 2023, when the Powells received an eviction summons and became aware of CHA's adverse action against them (Dkt. 12 at 4); August 31, 2022, when the Powells were notified that their HCV benefits would be terminated; or July 22, 2022, when the Powells received the HAP contract termination notice (*Id.*). The Powells argue that the statute of limitations began to toll on September 22, 2023, when they were evicted from their subsidized housing. (Dkt. 14 at 2). The key inquiry is when the Powells discovered their injury and its cause "even if the full extent or severity of the injury is not yet known." *Walker v. Baynton*, 2025 WL 3140492, at *2 (citations omitted); *see also Arriaga v. Dart*, No. 20 C 4498, 2021 WL 308829, at *5 (N.D. Ill. Jan. 29, 2021).

In the Complaint, the Powells assert that the constitutional injuries at the basis of their claim are the "loss of housing and wrongful termination of their HCV benefits" resulting from CHA's alleged failure to comply with procedural due process. (Dkt. 1 ¶ 20). CHA informed the Powells through the HAP contract final termination notice, dated July 22, 2022, that their HAP contract was being terminated. (Ex. 4, Dkt. 1 at 13). Upon receipt of this notice, the Powells knew or should have known of their impending loss of housing and the termination of their HCV benefits. Even though Rosemary Powell is listed as a recipient on the termination notice, the Powells claim that they were not aware of the notice until March 22, 2023. (Dkt. 1 ¶ 16). Accepting these allegations as true, which the court need not do[4], the latest the statute of limitations could have started is March 22, 2023. Thus, the statute of limitations for the Powells' claim expired on

---

[4] *See Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010) ("Where [the complaint's] allegations are contradicted by written exhibits that [plaintiff] attached to his amended complaint, . . .the exhibits trump the allegations.").

July 22, 2024 at the earliest, and on March 22, 2025 at the latest. The Powells filed the Complaint on September 11, 2025. Accordingly, the Powells' Complaint is time-barred

## CONCLUSION

For the reasons set forth above, CHA's Motion to Dismiss [11] is granted. Plaintiffs' Complaint [1] is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: January 20, 2026