**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP A. POWELL and ROSEMARY POWELL, | ) | |
| | ) | No. 25 C 10997 |
| *Plaintiffs*, | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| CHICAGO HOUSING AUTHORITY, | ) | |
| | ) | |
| *Defendant*. | | |

**OPINION AND ORDER**

Plaintiffs Phillip A. Powell and Rosemary Powell move *pro se* for reconsideration of the Court's August 28, 2025, Opinion and Order (the "Dismissal Order") dismissing their Complaint against Defendant Chicago Housing Authority ("CHA"). For the following reasons, the Powells' Motion for Reconsideration [19] is denied.

**BACKGROUND**

The Court presumes the parties' familiarity with the facts of the case and only discusses those relevant to the current Motion. The Powells first sued CHA on November 22, 2024, alleging that it violated their Fourteenth Amendment procedural due process rights by failing to give adequate notice before terminating their housing benefits. *Powell v. Chicago Hous. Auth.*, Case No. 24-CV-12068, Dkt. No. 1 (*Powell I*). On June 30, 2025, the Court dismissed the complaint without prejudice, allowing the Powells a chance to amend and fix their pleading deficiencies. *Powell I*, Case No. 24-CV-12068, Dkt. No. 23 at 13. The Court instructed the Powells to file an Amended Complaint by July 21, 2025 should they wish to proceed with their claims. *Powell I*, Case No. 24-CV-12068, Dkt. No. 24. On August 28, 2025, the Court dismissed *Powell I* after the Powells failed to amend by the Court-imposed deadline, stating, "[p]laintiff[s] ha[ve] not filed an Amended Complaint, therefore case is dismissed." *Powell I*, Case No. 24-CV-12068, Dkt. No. 25.

The order was accompanied by a final judgment dismissing the case in favor of CHA. *Powell I*, Case No. 24-CV-12068, Dkt. No. 26.

On September 11, 2025, the Powells filed the present action. (Dkt. 1). The Complaint made the same allegations—that CHA terminated their housing benefits without proper notice in violation of their Fourteenth Amendment procedural due process rights. (*Id.*) CHA timely filed a motion to dismiss under Rule 12(b)(6). (Dkt. 11). The Court granted the motion to dismiss with prejudice, holding that the Powells' claims were precluded under the doctrine of *res judicata* and time-barred under the applicable two-year statute of limitations. (Dkt. 17). The Powells now move for an altered or amended judgment under Rule 59(e). (Dkt. 19).

## LEGAL STANDARD

Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, a manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). Additionally, a Court may commit a manifest error of fact if it ignores, overlooks, or misapprehends the facts before it. *See, e.g., United States v. Bills*, 2018 WL 6697180, at *2 (N.D. Ill. Dec. 20, 2018).

Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) ("Relief under Rule

59(e) is an extraordinary remed[y] reserved for the exceptional case.") (internal citation omitted). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019); *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

**DISCUSSION**

In their Motion for Reconsideration, the Powells assert that the Court made two errors. (Dkt. 19). First, they claim the Court's statute-of-limitations analysis was incorrect because it ignored the proper date of accrual for their cause of action. (*Id.* at 1-2). Second, they contend that the Court erred in concluding that the dismissal of *Powell I* had a preclusive effect under the doctrine *res judicata.* (*Id.* at 2-3). The Powells do not present newly discovered evidence or meet the heavy burden of showing a manifest error of law or fact under Rule 59(e). *See Emerson*, 109 F.4th at 943. Accordingly, they fail to establish grounds for reconsideration.

**I. Statute of Limitations**

The Powells first assert the Court erred in its statute-of-limitations analysis, presenting arguments that this Court already considered in its Dismissal Order. In opposing CHA's motion to dismiss, the Powells relied on a Ninth Circuit case to argue that their claim was not time-barred because it accrued on the date of their eviction, when the "final adverse action" occurred and they "actually suffered a deprivation of rights." (Dkt. 14) (citing *Delgado v. Housing Auth. Of City of Los Angeles*, 202 F.3d at 293 (9th Cir. 2000)). The Court rejected this argument in the Dismissal Order, applying Seventh Circuit precedent and holding that the statute of limitations for § 1983 claims is tolled when a plaintiff first discovers their injury, even if the full extent of the injury is not yet known. (Dkt. 17 at 9) (citing *Walker v. Baynton*, 2025 WL 3140492, at *2 (7th Cir. Nov.

10, 2025) and *Arriaga v. Dart*, 2021 WL 308829, at *5 (N.D. Ill. Jan. 29, 2021)). Relying on this rule, the Court held that the statute of limitations was triggered on July 22, 2022, the date of the contract-termination notice or, at the latest, on March 22, 2023, when the Powells claim they became aware of the notice. (*Id.* at 9). As such, the Court held that the Powells' claims expired before they filed suit. (*Id.*).

The Powells now contend that the Court committed a manifest error of law by failing to apply what they characterize as the proper accrual rule—that the statute of limitations commences when a challenged action becomes final and produces "actual harm." (Dkt. 19 at 2). Although they attempt to recast their position with additional claims about accrual in the context of claims against government agencies, the argument is substantively the same. They assert once again that the statute of limitations commenced when they were evicted because that is when their injury was final. Reasserting a previously rejected argument is insufficient to establish a manifest error. *See Oto, 224 F.3d at 606* (rejecting Rule 59(e) motion that "merely took umbrage with the court's ruling and rehashed old arguments"); *Arrington v. City of Chicago*, 2023 WL 3123729, at *6 (N.D. Ill. Apr. 27, 2023) ("Repeating previously raised and rejected arguments, without any new analysis or authority, does not establish error.").

The Powells also cite several Supreme Court and out-of-Circuit cases in support of their repackaged argument. (Dkt. 19 at 2). To the extent these authorities advance new legal theories, they are improper on a Rule 59(e) motion because they "could and should have" been raised before judgment. *See Barrington*, 924 F.3d at 968. In any event, the cited cases do not support reconsideration. Out-of-circuit decisions are not binding, and the Supreme Court cases the Powells reference are either inapposite or consistent with the Court's ruling in the Dismissal Order. For example, *Bennett v. Spear* addressed the meaning of "final agency action" under the

Administrative Procedure Act, not the accrual of § 1983 claims. 520 U.S. 154, 177-78 (1997). And *Delaware State College v. Ricks* held that a discrimination claim accrued when the challenged employment decision was made and communicated to the plaintiff. 449 U.S. 250, 258 (1980). That is the same principle the Court applied in the Dismissal Order: the statute of limitations began to run when CHA made and communicated its contract-termination decision. Accordingly, the Powells have failed to identify a manifest error in the Court's statute-of-limitations analysis.

## II. *Res Judicata*

Next, the Powells argue that the Court misapplied the doctrine of *res judicata* by incorrectly treating the dismissal of *Powell I* as a final judgment on the merits. (Dkt. 19 at 2-3). This argument fares no better.

In responding to CHA's motion to dismiss, the Powells argued that their claims were not precluded by *Powell I* because the June 2025 order dismissing their complaint in that case stated that the dismissal was without prejudice. (Dkt. 14 at 1). In their view, that language permitted them to refile the same claims in a new action within the applicable limitations period. (*Id.*). The Court rejected this argument in the Dismissal Order, explaining that the operative order for claim-preclusion purposes in *Powell I* was not the June 2025 order dismissing the complaint, but the August 2025 order and final judgment dismissing the action for the failure to file an amended complaint. (Dkt. 17 at 6-8). As the Court explained, *Powell I* was ultimately dismissed after the Powells failed to file an amended complaint within the 30-day period provided by the Court. (*Id.*). The Court further noted that, although the August 2025 dismissal did not expressly state whether it was with or without prejudice, dismissals for failure to prosecute are presumed to operate as adjudications on the merits unless otherwise specified. (*Id.* at 7-8) (citing Fed. R. Civ. P. 41(b) and *Schroeder v. Malone*, 817 F. App'x 226 (7th Cir. 2020)). Accordingly, because *Powell I* was

dismissed for failure to prosecute, the Court held that the Powells' claims were barred by res judicata. (*Id.*)

The Powells now reassert the same argument, contending that the Court erred in concluding that the dismissal of *Powell I* was with prejudice. (Dkt. 19 at 2). They acknowledge the August 2025 order and final judgment and concede that Rule 41(b) directs courts to consider a dismissal as a final judgment if it is silent as to prejudice. (Dkt. 19 at 3); (Dkt. 30 at 1-2). Yet, they once again rely on language from the June 2025 order, arguing that it was clear error for the Court to treat "without prejudice" as "with prejudice". (*Id.*at 3). In doing so, they repeat the very error the Court addressed in its Dismissal Order: conflating the interlocutory order dismissing the complaint with the final judgment dismissing the action. The Powells are correct that the June 2025 order does not constitute a final judgment for the purpose of *res judicata*, but they continue to ignore that the August 2025 order and final judgment does. Reasserting incorrect claims does not establish a manifest error by the Court, and the Powells cannot use a motion for reconsideration to relitigate an issue the Court already decided. *See, e.g., Givens v. Vaughn*, 2021 WL 3661206, at *3 (7th Cir. Aug. 18, 2021); *Andersen v. City of Chicago*, 2020 WL 6059868, at *1 (N.D. Ill. Oct. 14, 2020) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

Alternatively, the Powells argue that the August 2025 order and final judgment do not have preclusive effect because they were not given sufficient notice that their case could be dismissed with prejudice. (Dkt. 31) (citing *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907-08 (7th Cir. 2003); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993); and *Fischer v. Cingular Wireless*, LLC, 446 F.3d 663, 664 (7th Cir. 2006)). The Powells did not make this argument when responding to CHA's motion to dismiss, and, as this Court already noted, it is

improper to advance new arguments or theories on a motion to reconsider. Even so, the Powells' reliance on these cases is misplaced. They reflect Seventh Circuit precedent that a court must give a plaintiff notice before dismissing a case for failure to prosecute. *See Aura Lamp & Lighting Inc.*, 325 F.3d at 908 (holding that a judge must warn a plaintiff before dismissing a case for want of prosecution and noting that a warning is adequate if it gives the plaintiff notice of the consequences for failing to respond to the court's orders); *Ball*, 2 F.3d at 760 (holding that there must be an explicit warning before the case is dismissed for want of prosecution); *Fischer*, 446 F.3d at 663 (clarifying that the relevant inquiry under *Ball* is whether the plaintiff had adequate notice that noncompliance with the court's orders could result in dismissal).

In *Powell I*, the Court warned the Powells that they must file an amended complaint by the Court-imposed deadline to proceed with their case. *Powell I*, Case No. 24-CV-12068, Dkt. No. 24. This satisfies the notice requirement for dismissal for want of prosecution. Additionally, even though the Powells are proceeding *pro se*, they are responsible for following court orders and ensuring their case proceeds correctly and on time. *See Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006). Thus, even if it were appropriate for the Court to consider the Powells' newly presented legal theory at this stage, it is not supported by applicable precedent. Accordingly, the Powells have failed to establish any manifest error in the Court's *res judicata* analysis. Because the Powells have not met the burden under Rule 59(e), their Motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies the Powells' Motion for Reconsideration [19].

Virginia M. Kendall
United States District Judge

Date: August 24, 2026